IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MAXIM HEALTHCARE SERVICES, INC.,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-102**     (JCN: 2023008385)

**SABRINA TAYLOR,**
**Claimant Below, Respondent**

**FILED**
**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Maxim Healthcare Services, Inc. ("Maxim") appeals the February 24, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Sabrina Taylor filed a response.[1] Maxim did not reply. The issue on appeal is whether the Board erred in granting Ms. Taylor's petition for attorney fees and costs related to her November 18, 2024, petition.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 2, 2022, the claim administrator issued an order holding the claim compensable for strain of muscle, fascia, and tendon at the neck level and strain of muscle, fascia, and tendon at the shoulder and upper arm level. On February 20, 2024, the claim administrator issued an order denying Ms. Taylor's request for an independent medical evaluation due to a finding that she was not at maximum medical improvement ("MMI").

The claim administrator issued a notice dated April 26, 2024, asking whether Ms. Taylor intended to appear for a neurosurgical or thoracic surgical consultation as recommended by her primary care physician. On May 2, 2024, Ms. Taylor responded, indicating that she would schedule a consultation upon receipt of an order authorizing payment. On May 3, 2024, the claim administrator issued a notice stating that a consultation would be authorized once her physician clearly indicated which of the two types of evaluations was needed.

---

[1] Maxim is represented by Jeffrey B. Brannon, Esq., Cipriani & Werner, P.C. Ms. Taylor is represented by William B. Gerwig III, Esq.

1

On May 29, 2024, the claim administrator issued an order authorizing a neurosurgical consultation "as scheduled." Ms. Taylor then scheduled an appointment with Lana Christiano, M.D., for August 14, 2024.[2] On June 28, 2024, the claim administrator issued a notice of an appointment scheduled for Ms. Taylor with Dr. Muizelaar on July 9, 2024. The notice instructed Ms. Taylor to advise the claim administrator if she was unable to attend the appointment.[3] Correspondence from the claim administrator (incorrectly dated May 9, 2024) indicated that Ms. Taylor's unavailability for the scheduled appointment is "unacceptable."[4] The correspondence further stated, "[i]t is our understanding that Ms. Taylor could have rescheduled her child's dental appointment and attended the neurosurgery appointment if she wanted to. The appointment in August is too far out when we can have her evaluated much sooner and is seen as an attempt to further delay her recovery and remain on workers' compensation benefits. Accordingly, we have suspended her benefits for failure to comply."

The claim administrator issued a notice dated July 10, 2024, suspending Ms. Taylor's temporary total disability benefits due to her failure to attend the appointment with Dr. Muizelaar. By order dated August 5, 2024, the claim administrator denied Ms. Taylor's request that her TTD benefits be reinstated. On October 16, 2024, the Board reversed the claim administrator's order dated August 5, 2024, and granted TTD benefits from the date of last payment through August 14, 2024, and thereafter as substantiated by proper medical evidence.

On February 24, 2025, the Board granted Ms. Taylor's petition for attorney fees and costs related to her November 18, 2024, petition. The Board found that the claim administrator's denial of reinstatement of TTD benefits was unreasonable under West Virginia Code § 23-2C-21(c) (2022). Maxim now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[2] It is unclear when this appointment was scheduled by Ms. Taylor, but Ms. Taylor indicates that it was prior to June 28, 2024, when she was notified of the appointment scheduled by the claim administrator with Paul Muizelaar, M.D.

[3] Ms. Taylor indicates that she informed the claim administrator that she was unable to attend the appointment upon her receipt of the notice. Ms. Taylor stated that she also informed the claim administrator of her intention to keep her appointment with Dr. Christiano.

[4] It is unclear when this correspondence was actually sent to Ms. Taylor as it is incorrectly dated May 9, 2024, which was prior to the appointment being scheduled.

2

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Maxim argues that Ms. Taylor failed to submit evidence in support of her petition. Maxim further argues that the Board failed to address the issue properly before it, which is whether the denial of reinstatement of TTD benefits was unreasonable, and it instead addressed whether the suspension of TTD benefits was unreasonable, which was not the issue properly before the Board. Finally, Maxim argues that the Board failed to properly analyze this claim. We disagree.

West Virginia Code § 23-2C-21(c) provides:

A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim, the entitlement to temporary total disability benefits or medical benefits, the private carrier or self-insured employer is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization. Payment of attorney's fees and costs awarded under this subsection will be made to the claimant at the conclusion of litigation, including all appeals, of the claimant's protest of the denial.

Here, the Board determined that the claim administrator suspended Ms. Taylor's TTD benefits because Ms. Taylor failed to attend a scheduled neurosurgical appointment. The Board noted that, while West Virginia Code § 23-4-7a(e) and West Virginia Code of State Rules § 85-1-14 (2009) permit the suspension of benefits on such a basis, Ms. Taylor

3

notified the claim administrator of her inability to attend the appointment prior to missing the scheduled appointment. Ultimately, the Board found that the claim administrator's denial of the reinstatement of TTD benefits was unreasonable because Ms. Taylor was receiving TTD benefits when they were suspended, she had an existing authorized appointment with Dr. Christiano on August 14, 2024, and Ms. Taylor informed the claim administrator that she was unable to attend the appointment with Dr. Muizelaar.

Upon review, we conclude that the Board was not clearly wrong in finding that, under the circumstances of this case, the claim administrator's denial of reinstatement of TTD benefits was unreasonable under West Virginia Code § 23-2C-21(c). As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in granting Ms. Taylor's petition for attorney fees and costs related to her November 18, 2024, petition.

We do not find merit in Maxim's argument that Ms. Taylor failed to submit evidence in support of her petition for attorney fees. As Ms. Taylor asserted in her response, there was no need for her to submit the same evidence already submitted by Maxim establishing that the denial was unreasonable, as that would be unnecessarily duplicative. Further, we do not find merit in Maxim's argument that the Board failed to address the issue of whether the denial of reinstatement of TTD benefits was unreasonable. Finally, we do not find merit in Maxim's argument that the Board failed to address the issue of whether the denial of reinstatement of TTD benefits was unreasonable. The Board had no option but to address the reasons for termination of TTD benefits when analyzing whether Maxim made an unreasonable decision when it denied Ms. Taylor's request to reinstate TTD benefits. The entire basis of Ms. Taylor's request to reinstate benefits is that Maxim had no authority to suspend TTD benefits in the first place.

Accordingly, we affirm the Board's February 24, 2025, order.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4